UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST BANK,

    Plaintiff,

v.                                                      Case No: 6:17-cv-177-Orl-41TBS

INK SLINGERS AIRBRUSHING, INC.,
SOUTHCORP ENTERPRISES, INC. and
GARY G. GILLSTEDT,

    Defendants.

## ORDER

This is an action for breaches of certain notes and guarantees, and for foreclosure of Plaintiff's security interest in personal property collateral. Pending before the Court is Plaintiff SunTrust Bank's Motion for Default Final Judgment and Request for Appointment of Special Master to Conduct Foreclosure Sale (Doc. 18).

The Bank filed its complaint against Defendants Ink Slingers Airbrushing, Inc. d/b/a Magic Ink Artisans ("Ink Slingers"), Southcorp Enterprises, Inc. ("Southcorp"), and Gary G. Gillstedt ("Gillstedt") on February 1, 2017 (Doc. 1). The complaint alleges that: Ink Slingers and Southcorp, as borrowers, and Gillstedt, as guarantor, breached an SBA note and are liable for all amounts outstanding thereunder (Doc. 1, ¶¶ 9-12; 18-21); Southcorp, as borrower, and Ink Slingers and Gillstedt, as guarantors, have defaulted on a demand note and are liable for all amounts outstanding thereunder (Id., ¶¶ 13-17; 22-24); as a result of the Defendants' defaults Plaintiff is entitled to foreclose its security interest in the SBA loan collateral (Id., ¶¶ 10; 42-46); and, as a result of the Defendants' defaults under the demand note, Plaintiff is entitled to foreclose its security interest in the demand loan

collateral (Id., ¶¶ 15; 47-51). Defendants were served and clerk's defaults were entered, as no Defendant filed a response to the complaint (Docs.14-16). The instant motion followed.

The Bank asks the Court: (i) to enter default final judgment against Defendants for damages in the total amount of $1,391,115.42, plus "additional interest, fees, and costs Plaintiff is entitled to," (ii) to reserve jurisdiction for an award of attorney's fees and costs, (iii) to appoint Jason A. Rosenthal as Special Master to conduct the foreclose sale "of the personal property identified in the Complaint;" and (iv) for such other relief as the Court deems appropriate (Doc. 18 at 5-6). The motion is accompanied by an Affidavit declaring that Defendants are not incompetents, infants or in the military service (Doc. 18 at 7-8); the Affidavit of Debra L. Boxell, Vice President, Special Assets Division of the Bank, attesting to the Bank's records and "the amount presently due and owing" exclusive of attorney's fees and costs (Doc. 18 at 9-11); and the Affidavit of Jason A. Rosenthal Regarding Qualifications to Serve as Special Master (Doc. 18 at 13-14). Upon review, the motion is **DENIED, without prejudice to renewal**, upon a more substantial showing.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a

default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

As the foregoing makes clear, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief. While the Court finds the Defendants admit the well-pled allegations of the complaint by virtue of the defaults, neither the complaint nor the affidavits tendered with the motion provide a sufficient showing with respect to the amount of damages or appropriateness of other relief.

Although Ms. Boxell's affidavit and the motion speak to late fees, there is no identification of the provisions in the loan documents which provide for these fees, or explanation of how these fees were calculated. There is also no explanation supporting the "Annual LOC Fee." Plaintiff has failed to provide the effective dat(s) of the calculations it presents. Consequently, the dates additional per diem interest should start to be added is unknown. Ms. Boxell avers that the principal balances under the loans shall continue to accrue interest "including default interest (as applicable) as set forth in the subject promissory notes for each loan," but fails to advise what that default rate is, or where it can be found in the notes. And, Plaintiff fails to cite the specific clauses upon which it bases its attorney fee claims. In short, the showing as to the amount of damages is insufficient and conclusory.

It appears that Plaintiff wants a default judgment on all counts *and* a judgment of foreclosure at the same time. The usual course is to obtain judgment on the note and guarantees *or* have judgment of foreclosure, and then return for deficiency judgment (assuming deficiencies). Plaintiff provides no basis for its one shot approach. To the extent Plaintiff is relying on a provision of the notes or state or federal law, it does not cite it. Moreover, while the complaint and motion speak generally to the "collateral" and the

collateral is defined broadly in the loan documents, the property Plaintiff seeks to foreclose on is not specifically identified in any of its filings.

I find that Plaintiff's sparse and incomplete showing here does not support the detailed relief sought. The motion may be **renewed**, upon a more complete showing addressing the shortcomings mentioned herein. Any such renewal should include a proposed default judgment.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record