UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUNTRUST BANK,

    Plaintiff,

v.                                               Case No: 6:17-cv-177-Orl-41TBS

INK SLINGERS AIRBRUSHING, INC.,
SOUTHCORP ENTERPRISES, INC. and
GARY G. GILLSTEDT,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Renewed Motion for Default Judgment. (Doc 20). Upon consideration, I respectfully recommend that the motion be **GRANTED**.

### Background

This is an action for breaches of certain promissory notes and guarantees, and for foreclosure of Plaintiff's security interest in personal property collateral. Plaintiff SunTrust Bank (the "Bank") filed its complaint against Defendants Ink Slingers Airbrushing, Inc. d/b/a Magic Ink Artisans ("Ink Slingers"), Southcorp Enterprises, Inc. ("Southcorp"), and Gary G. Gillstedt ("Gillstedt") on February 1, 2017 (Doc. 1).

The complaint alleges that the Bank made a Small Business Administration loan to Ink Slingers and Southcorp that was guaranteed by Gillstedt (Doc. 1, ¶ 9). The loan is evidenced by a promissory note (the "SBA Note"), and secured by the lien of a Security Agreement (the "SBA Agreement") on Ink Slingers and Southcorp's "accounts receivable, equipment, inventory, personal property, business assets, and fixtures together with all increases, parts, fittings, accessories, attachments, additions, and accessions thereto,

substitutions and replacements therefore, and all proceeds thereof in any form with all records relating thereto." (Doc. 1-1, ¶ 1).

The Bank alleges that Ink Slingers, Southcorp and Gillstedt failed to pay the SBA Note when due and that they are liable for all amounts outstanding thereunder (Doc. 1, ¶¶ 9-12; 18-21). Now, the Bank seeks to foreclose its lien on the collateral encumbered by the SBA Agreement (Id., ¶¶ 10; 42-46).

The complaint also alleges that the Bank made a demand loan to Southcorp that is guaranteed by Ink Slingers and Gillstedt (Id., ¶¶ 13-17). This loan is evidenced by a commercial note (the "Demand Note"), which is secured by the lien of a Security Agreement (the "Demand Agreement") on all of Southcorp's "accounts, chattel paper, documents and money, returned and unearned insurance premiums, tax refunds, contract rights, returned goods, reclaimed and repossessed goods, deposit accounts and all General intangibles (as all such terms are used herein and in the Uniform Commercial Code)." (Id., ¶¶ 13-17; 22-24; Doc. 1-2 at 1).

The Bank alleges that Southcorp, Ink Slingers and Gillstedt failed to pay the Demand Note when due and that they are liable for all amounts outstanding thereunder (Id., ¶¶ 13-17; 22-24). Now, the Bank seeks to foreclose its lien on the collateral encumbered by the Demand Agreement (Id., ¶¶ 15; 47-51).

Defendants were served and clerk's defaults were entered, as no Defendant filed a response to the complaint (Docs.14-16). The Bank filed a Motion for Default Judgment (Doc. 18), which I denied without prejudice to renewal, as the showing presented was inadequate to support the relief sought (Doc. 19). Leave was granted to renew the motion, upon a more specific showing. Id. The instant motion followed.

In this motion, the Bank moves (i) for entry of an Order granting the motion and appointing Jason A. Rosenthal as Special Master to conduct the foreclosure sales of the personal property encumbered by the SBA Agreement and the Demand Agreement, (ii) for entry of a default judgment of foreclosure against Defendants in substantially the form of the proposed Default Judgment of Foreclosure attached to the motion (Doc. 20 at 21), (iii) to reserve jurisdiction to enter a deficiency judgment in favor of the Bank after the foreclosure sales, if necessary, (iv) to reserve jurisdiction to enter an award of attorneys' fees as provided for in the SBA Note and Demand Note, and (v) for such other and further relief as the Court deems appropriate. The motion is accompanied by the Affidavit of attorney Christopher R. Thompson (Doc. 20 at 13); the Affidavit of Debra L. Boxell, a Vice President, Special Assets Division of the Bank (Doc. 20 at 15); the Affidavit of Jason A. Rosenthal (Doc. 20 at 30-31); and the proposed Default Judgment (Doc. 20 at 21) with attached descriptions of collateral (Doc. 20 at 28-29).

## Discussion

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a

default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. Nov. 24, 2009).

Here, the uncontroverted and well pled allegations of the complaint establish Defendants' liability for the loan evidenced by the SBA Note. The Bank has alleged that Ink Slingers and Southcorp, as borrowers, and Gillstedt, as guarantor, breached their obligations and are liable for all amounts outstanding on the SBA Note (Doc. 1, ¶¶ 9-12; 18-21). As a result, the Bank is entitled to foreclose its security interest in the collateral for the SBA loan (Id., ¶¶ 10; 42-46). Although not required for foreclosure, the Bank has also alleged that its security interest under the SBA Agreement has been perfected by virtue of its UCC-1 Financing Statement filed with the Florida Secretary of State (Id., ¶ 11; Ex. 1-1 at 32).

Similarly, the uncontroverted and well pled allegations of the complaint establish Defendants' liability for the loan evidenced by the Demand Note. The Bank has alleged that Southcorp as borrower and Ink Slingers and Gillstedt, as guarantors, breached their obligations and are liable for all amounts outstanding on the Demand Note (Doc. 1, ¶¶ 15; 47-51). As a result, the Bank is entitled to foreclose its security interest in the collateral for the Demand loan (Id., ¶¶ 10; 42-46). Although not required for foreclosure, the Bank has also alleged that its security interest under the Demand Agreement has been perfected by virtue of its UCC-1 Financing Statement filed with the Florida Secretary of State (Doc. 1-2 at 14).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005). The evidentiary record here includes the Affidavit of Debra L. Boxell, which is sufficient to establish (and explain) the amount of damages sought, as follows:

As of April 20, 2017, the amount presently due and owing by Defendants under the SBA Note, exclusive of attorney's fees and costs, is:

| Principal Amount Due | $1,277,253.57 |
| --- | --- |
| Interest at a rate of 5.85% | $ 48,679.14 |

| Late Fees (5% of unpaid portion of payment) | $ 6,518.00 |
|---|---|
| **Total Amount Due** | $1,332,450.71 |

Per Diem interest of $204.71 shall continue to accrue beginning April 21, 2017, through the date of entry of the judgment of foreclosure.

The amount presently due and owing by Defendants under the Demand Note as of April 20, 2017, exclusive of attorney's fees and costs, is as follows:

| Principal Amount Due | $ 59,971.01 |
|---|---|
| Interest (variable rate of 8.75% from 1/21/2017 through 3/1/2017 and 9.0% from 3/16/2017 through 4/20/17) | $ 1,326.83 |
| Late Fees (5% of amount which is past due) | $ 43.01 |
| Annual LOC Fee (annual finance charge fee) | $ 180.00 |
| **Total Amount Due** | $ 61,520.85 |

Per Diem Interest of $14.99 shall continue to accrue beginning April 21, 2017, through the date of entry of the judgment of foreclosure.

The Bank is not requesting a money judgment in these amounts, for which execution may issue, at this time, but seeks to determine the deficiencies, if any, after the foreclosure sale of the personal property collateral. Toward that end, the Bank proposes the appointment of Jason Rosenthal as Special Master, to conduct the foreclosure sales. According to his Affidavit (Doc. 20 at 30-31), Rosenthal does not represent any of the parties to the case and is otherwise disinterested. See 28 U.S.C. § 455. He is a lawyer with over 25 years of experience with foreclosure cases and sale transactions (Doc. 20 at 30-31). The Bank represents that Rosenthal has agreed to perform his duties as Special

Master for a flat fee of $2,500, which is significantly less than the cost of a foreclosure sale conducted by the United States Marshal's office (Doc. 20 at 9). Absent any objection, I see no reason not to appoint Rosenthal as Special Master, pursuant to Rule 53, FED. R. CIV. P., in lieu of directing the Marshal to conduct the sales. The Bank has suggested the following terms for this appointment:

    a. Rosenthal, as Special Master, may set the time, date, and location of the foreclosure sales of the personal property collateral identified herein above, and shall publish notice of sale of the subject personal property as required by 28 U.S.C. §§ 2001 and 2002 (the "Notices").

    b. After publishing the Notices, Rosenthal shall file proofs of publication with the Court.

    c. Rosenthal shall conduct the foreclosure sales of the subject personal property on the dates, times, and locations set forth in the Notices.

    d. After the conclusion of the foreclosure sales, Rosenthal shall file a Report of Special Master setting forth the dates, times, locations and details of the sales, including the amounts of the winning bids, the identity of the winning bidders, and the amounts and identity of the backup bidders (if any).

    e. After Rosenthal files his Report of Special Master, the Bank shall file a motion to confirm the sales and request entry orders confirming the sales, which the Court may consider without any hearing.

    f. After entry of the orders confirming the sales, Rosenthal shall execute Special Master's Bills of Sale or such other documents that may be necessary to convey ownership of the property sold by him to the winning bidders.

These terms, which I find to be reasonable, are incorporated in the proposed Default Judgment of Foreclosure.

As liability has been established, the Bank has provided an acceptable evidentiary showing as to entitlement to the damages it seeks, and the terms of the proposed Default Judgment of Foreclosure (Doc. 20 at 21 - 29) are reasonable and do not substantially differ from the kind of relief requested in the complaint, the motion is due to be granted. If this recommendation is adopted, the Court should require the Bank to tender the original promissory notes for cancellation before any sales occur. See, e.g., Citibank v. Dalessio, 756 F. Supp. 2d 1361, 1366 (M.D. Fla. 2010) (A plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under Florida Statute Section 673.3091); Deutsche Bank Nat'l Trust Co. v. Huber, 137 So.3d 562, 564 (Fla. 4th DCA 2014) ("a plaintiff seeking to foreclose on a defendant must produce the original note (or provide satisfactory explanation of the failure to produce) and surrender it to the court or court clerk before the issuance of a final judgment in order to take it out of the stream of commerce."); Alavi v. Garcia, 140 So.3d 1141, 1143 (Fla. 5th DCA 2014) (stating that this "surrendering" requirement can be met by filing with the clerk or judge before judgment is entered on the note).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The motion be **GRANTED** and the Bank be directed to tender the original promissory notes to the Clerk;

(2) The Court appoint Jason Rosenthal as Special Master, with the authority to conduct the foreclosure sales, consistent with the terms suggested by Plaintiff and set forth in the proposed Default Judgment;

(3) The Court reserve jurisdiction to enter deficiency judgment, if necessary, after the foreclosure sales, and to enter an award of attorneys' fees and costs, all as set forth in the proposed Default Judgment.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 3, 2017.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties